THE PEOPLE *v.* RUIZ ET AL.

APPEAL from the District Court of San Juan.

No. 13.—Decided May 31, 1906.

COMPLAINT—REQUISITES THEREOF.—Although it is not necessary that a criminal complaint should be drawn with each and every one of the formalities which must be followed in drawing informations, however it is necessary that it state the essential facts in order that the accused may know what offense he is charged with in order that he may prepare his defense.

ID.—PROHIBITED GAMES.—In a criminal complaint charging the playing of prohibited games, it is absolutely necessary to state with all the details possible the nature of the crime and the circumstances surrounding the offense thereof, specifying what game the defendants were playing; and it is not sufficient for the purposes of the law to state that players of a prohibited game were surprised, because this language does not charge any crime whatever.

The facts are stated in the opinion.

*Mr. Falcón* for appellants.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The cause had its origin in the municipal court of this city, where the defendants were sentenced, for the offense of gaming, to pay a fine of $100, or in default, to suffer imprisonment for thirty days.

From this judgment an appeal was taken to the district court, and in the trial held the complaint was read, the evidence taken, and after the parties had made their respective arguments, they were found guilty; and as they did not show sufficient cause why judgment should not be pronounced against them, such judgment was pronounced on November 17, 1905, each of the defendants being sentenced to pay a fine of $300, and in default to be imprisoned in jail for three months, and to pay the costs.

From this judgment they took an appeal to this Supreme Court, and here the defendants, Julio Díaz and Eduardo Sanjurjo, presented a statement of facts, with the intervention of the *fiscal* of the district court and with the approval of the

trial judge. They also filed a brief and their counsel argued at the hearing, as did the representative of the other defendant, Emilio Ruiz.

The complaint, which served as a basis for these two judgments of conviction, is drawn as follows:

"*Complaint.*—Municipal Court of San Juan. United States of America, *ss:* The President of the United States. *The People of Porto Rico* v. *Julio Díaz, Emilio M. Ruiz, Eduardo Sanjurjo, Jesús Reus, Luis Ledesma, Manuel Nieves,* alias *Sevita, Rafael Núñez Varas* and *Nicolás García Quevedo.* I, Miguel Hurtado, a resident of San Juan, San Francisco street No.—, married, 32 years of age, a captain of the Insular Police, solemnly swear and depose: That last night at 11 p. m., the undersigned, and Private Norberto Quiles, surprised a prohibited game at Sol street No. 20, in the house of Julio Díaz, a closed box containing the kitty, the table cover and 2 packages of Spanish cards, one of 40 and the other of 38 cards, being seized. No money was seized on account of the players having carried it away with them in their flight, including a package of bank notes which Policeman Quiles had taken. One of these individuals was captured by the undersigned and Policeman Quiles and the remainder on their way out by Lieutenants Iturrondo and Quiñones, Sergeant Chapel and Detectives Díaz and Izquierdo. The chips, like the one I attach, have a value of 10 cents, and there are others of a value of $1 and $5. Which act I complain of for the purposes of the law.—(Signed) Miguel Hurtado.

Sworn to before me this 29th of August, 1905.—F. del Valle, Jr., municipal judge."

This charge is not acceptable, because it does not comply with the conditions required by the law.

We do not hold that a charge should contain each and every one of the elements of a real information, but it should contain that which is essential to clearly show what the offense charged is, in order that the defendant may prepare his defense without doubt of any character.

All cases within the jurisdiction of a municipal judge at the present time must begin by a sworn complaint of the complaining witness or the authority or officer having knowledge

of the deed, or by whom the arrest of the offending party was made. It is so provided by section 22 of the Code of Criminal Procedure as amended by the Act of March 12, 1903.

Section 23 of said Code reads as follows:

"Every affidavit shall contain as particularly as can be done, the nature of the offense and the circumstances attending its commission * * * ."

This provision has been violated in the complaint under examination, because section 299 of the Penal Code specifies the games which are punishable, and said complaint does not specify the game which was being played, whether it was faro, monte, roulette, etc., without the purpose of the law being met by the statement that "a prohibited game was surprised," which is all that the complaint alleges. These words are more the expression of an opinion which might have been incorrect, because the defendants might have been playing a lawful game, and the complainant may have thought that said lawful game was a prohibited game. It is indispensable, as the law provides, that the complaint contain as particularly as can be done, the nature of the offense and the circumstances attending its commission; and this not having been done, the complaint should have been dismissed, because no offense was charged against the persons to whom it referred.

This reasoning is strengthened by the case of *The People* v. *Carroll,* 80 Cal., p. 153, and that of *The People* v. *Cosset,* 93 Cal., p. 641, to which Mr. Justice Wolf also referred in his opinion in case number 31, which was decided by this Supreme Court on February 25, 1905, of *The People of Porto Rico* v. *J. T. Ramsey et al.* (8 P. R. Rep., p. 112), for gaming.

There is no necessity for considering the statement of facts presented which forms part of the record, as the complaint itself shows the fundamental error which has been indicated; and, therefore, the judgment appealed from should be reversed, with costs against The People.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.